## PEAKE v. CONLAN.

1. **Contract:** PART PERFORMANCE: STATUTE OF FRAUDS. A contract for an exchange of horses made on Saturday included the discharge of a debt due from one of the parties to the other, but the purchaser of the horse took possession of it on Sunday: *Held*,
    1. That there was such a consummation of the contract on Saturday as made it valid.
    2. That the part performance effected by the discharge of the debt took it out of the statute of frauds.

2. **Replevin:** EVIDENCE: BURDEN OF PROOF. In an action of replevin for a horse, which the defendant claimed to have become possessed of by barter with the plaintiff, the burden of proof was held to be upon the latter to establish his ownership, and not upon the former to first prove the contract of sale.

3. ————: INSTRUCTION: ERROR WITHOUT PREJUDICE. The court directed the jury that if the defendant acquired possession of the horse with the permission of plaintiff, the latter must have previously demanded the horse to entitle him to maintain the action: *Held*, that as both parties claimed the property in the pleadings, the instruction was error without prejudice.

### *Appeal from Monona Circuit Court.*

#### WEDNESDAY, JUNE 7.

ACTION of replevin for a horse. There was a verdict and judgment for defendant; plaintiff appeals. The facts necessary for an understanding of the points ruled appear in the opinion.

*G. W. McMillan* and *Monk & Selleck*, for appellant.

*Stevens & Southwick, Joy & Wright* and *Pendleton & Bailey*, for appellee.

BECK, J. The plaintiff alleges in his petition that he is the absolute and unqualified owner of the horse in controversy, which was wrongfully taken and detained by defendant. The defendant, in his answer, sets up ownership in himself, and states the manner in which he acquired the property, having " traded " another horse for it to plaintiff. Each party bases his right of possession upon his alleged ownership. The real point in controversy involved the fact of a " trade " between the parties by which the property in the animal passed from plaintiff to defendant, the former claiming that there was no exchange or " trade;" the latter maintaining that there had been, and under it he had taken the horse from plaintiff's stable. Having acquired the property in, and possession of, the horse in this manner, the defendant set up his ownership as a defense to the action.

I. The first objection urged by defendant to the judgment is that the verdict is not supported by the evidence. It is simply a case of conflict of evidence; we cannot, therefore, interfere with the verdict.

II. It is insisted that the "trade" under which plaintiff claims the horse was consummated upon Sunday. But the proof shows that it was made upon Saturday, and the horse in question was taken by defendant from plaintiff's stable on Sunday. The contract was made on Saturday, and by its terms plaintiff was to receive another horse for the one in controversy, and a debt of fifteen

1. CONTRACT: part performance: statute of frauds.

dollars owed by defendant to plaintiff was discharged as a part consideration in the exchange. Defendant at the time was authorized by plaintiff to take possession of the horse which was near at hand in plaintiff's stable. This amounted to a delivery of the animal. The contract of exchange, so far as the fifteen dollars were involved, was performed on Saturday. Defendant's debt was, by the contract, paid or canceled on that day. There was then a performance of the contract on Saturday at the time it was entered into.

III. This feature of the transaction, performance at the time the contract was made, takes it out of the statute of frauds, which is relied upon to defeat the contract.

IV. The plaintiff asked the court to instruct the jury that "the burden of proof is on defendant to establish the trade by the preponderance of the evidence." The instruction was not given, and its refusal is made the ground of complaint by plaintiff.

2. REPLEVIN: evidence: burden of proof.

The court fully and clearly explained to the jury the issues raised by the pleadings, informing them that defendant relied upon a contract of exchange under which he claimed the horse in suit. The jury were also informed in effect that if they found from the evidence this contract was entered into and performed by the parties, the defendant acquired property in the horse. The jury, we think, understood that this contract must be established by the preponderance of the evidence. The instructions given sufficiently explained the rule of preponderance of evidence, as applicable to the issue upon the contract of exchange. If the instruction in question be understood as a direction simply upon that subject, its substance had been given in the form we have just stated, and it was not necessary to repeat it. But if it be understood to mean that the burden of proof was primarily on defendant to establish the contract to entitle him to recover, it is erroneous in that sense. The burden of proof was on plaintiff to establish his right to the barn; if he failed, he could not recover in the absence of any evidence on the part of defendant. It was not, therefore, error to refuse the instruction.

V. The court directed the jury, in effect, that if defend-

ant acquired the possession of the horse by the permission of plaintiff, the latter cannot maintain this action unless he had made a demand upon defendant for the return of the horse before the suit was brought.    Each party claimed, under the pleadings, property in the horse.    The instruction was, therefore, erroneous.    But the error was without prejudice for this reason.

3. ——: instruction: error without prejudice.

The jury found in express words that the defendant was the absolute owner of the horse; their verdict was based upon that finding.    They could not, therefore, have been influenced in finding for defendant, on the ground that no demand was made or proved for the horse before suit was brought.

The foregoing discussion disposes of all questions made and agreed in the case.

AFFIRMED.